```
                IN THE UNITED STATES DISTRICT COURT
                            FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA
```

ROBERT L. LONGO, JR.,                :
                                     :
        Plaintiff                    :
                                     :
    v.                               :   CIVIL NO. 3:CV-17-1847
                                     :
SHAWN COOPER, ET AL.,                :   (Judge Conaboy)
                                     :
        Defendants                   :

**MEMORANDUM**
**Background**

Robert L. Longo, Jr. (Plaintiff) initiated this pro se civil rights action while confined at the Snyder County Prison, Selinsgrove, Pennsylvania. Named as Defendants are two Snyder County Prison employees: Warden Shawn Cooper and Mental Health Counselor Tiffany Gum. Service of the complaint was previously ordered.

Plaintiff describes himself as being diagnosed as being bipolar and suffering from post traumatic stress disorder, depression, and anxiety. Longo states that he was transferred from the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania (SCI-Retreat) to the Snyder County Prison on September 1, 2017. Upon arriving at the prison, Longo claims that he requested psychiatric care but his request was denied by

1

Counselor Gum on September 4, 2017 purportedly on the grounds that the Plaintiff wouldn't be held at the prison very long.

Longo filed an administrative appeal to Warden Cooper. Thereafter, Gum scheduled an appointment for the Plaintiff on September 26, 2017. The Complaint asserts that because of the inadequate care by Gum he was denied need psychotropic medication for a period of twenty-five (25) days.

Warden Cooper has responded to the complaint by filing a motion to dismiss. See Doc. 22. The unopposed motion is ripe for consideration.

## Discussion

The Moving Defendant claim entitlement to dismissal on the grounds that mere receipt of an institutional grievance does not set forth a viable claim of personal involvement in constitutional misconduct. See Doc. 23, p. 2.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 1950.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are

3

to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Personal Involvement**

Defendant Cooper claims entitlement to entry of dismissal because there are no allegations that the Warden was personally involved in any constitutional misconduct. See Doc. 23, p. 2. Specifically, it is argued that the sole contention that Warden Cooper received an institutional grievance from the Plaintiff is an insufficient basis for civil rights liability. As noted above, this argument is unopposed.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through

4

> allegations of personal direction or of actual
> knowledge and acquiescence. Allegations of
> participation or actual knowledge and
> acquiescence, however, must be made with
> appropriate particularity.

Rode, 845 F.2d at 1207.

Pursuant to the standards announced in Rode, any attempt by the Plaintiff to establish liability against Warden Cooper solely premised on the Moving Defendant's supervisory capacity within the Snyder County Prison must fail.

Inmates also do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, any attempt to establish liability against a defendant solely based upon the substance or lack of response to his institutional grievances does not by itself support a constitutional due process claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Since the only allegation asserted against the Warden is that he received a grievance from Longo regarding the alleged failure to provide treatment by Nurse Gum, this Court agrees that

5

the Complaint fails to adequately allege that Warden Cooper was personally involved in any act of constitutional mistreatment. It is also noted that Plaintiff acknowledges that upon the filing of his grievance with the Warden, Defendant Gum provided him with the requested treatment, a concession which clearly undermines any contention that the Warden ignored the Plaintiff's request for mental health care.

In conclusion, Plaintiff's attempt to establish liability against the Warden based upon either his supervisory capacity or his receipt of the inmate's institutional grievance is insufficient for establishing civil rights liability against Defendant Cooper. Accordingly, the unopposed motion to dismiss will be granted. Furthermore, based upon the sparse insufficient claim against Defendant Cooper it is apparent that it would be futile to allow the Plaintiff opportunity to submit an amended complaint. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 10th, 2018