```
            IN THE UNITED STATES DISTRICT COURT
                       FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA
```

ROBER L. LONGO, JR., :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-17-1847
:
SHAWN COOPER, ET AL., : (Judge Conaboy)
:
    Defendants :

**MEMORANDUM**
**Background**

    This <u>pro se</u> civil rights action was filed by Robert L. Longo, Jr. Regarding his confinement at the Snyder County Prison, Selinsgrove, Pennsylvania. By Memorandum and Order dated August 10, 2018, a motion to dismiss by Defendant Warden Shawn Cooper was granted. <u>See</u> Doc. 27.

    The Remaining Defendant is Mental Health Counselor Tiffany Gum of the Snyder County Prison. As previously discussed by this Court, Longo describes himself as being diagnosed as being bipolar and suffering from post traumatic stress disorder (PTSD), depression, as well as anxiety. According to the Complaint, Plaintiff was transferred from the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania (SCI-Retreat) to the Snyder County Prison on September 1, 2017.

1

Following his arrival, Longo allegedly requested psychiatric care from Counselor Gum on September 4, 2017. Gum purportedly denied Plaintiff's request on the grounds that the inmate would only be confined at the prison for a brief period of time.

Plaintiff appealed the denial of his request to Warden Cooper. The Complaint generally contends that Counselor Gum lied to the Warden and then scheduled an appointment for the Plaintiff on September 26, 2017. See Doc. 1, ¶ IV. The Complaint asserts that because of the delay in treatment by Gum he was denied needed psychotropic medication for twenty-five (25) days.[1]

Presently pending is Defendant Gum's motion to dismiss. See Doc. 18. The unopposed motion is ripe for consideration.

## Discussion

Defendant Gum claim entitlement to dismissal on the grounds that the facts alleged are not sufficient to establish a serious medical need or deliberate indifference. See Doc. 19, p. 3.

**Standard of Review**

As previously discussed by this Court' August 10, 2018 Memorandum, Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. A court in addressing a motion to dismiss must "accept as true all factual allegations in the complaint and

---

1. Clearly, if Plaintiff did not make an initial request for treatment until September 4, there was only a twenty-two (22) day delay attributed to Defendant Gum.

2

all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A complaint must set forth facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.[2]

The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint

---

2. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555.

3

"enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Finally, it is noted that pro se pleadings must be afforded liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Deliberate Indifference**

Defendant Gum argues that since the Complaint acknowledges that Plaintiff received the mental health treatment he sought, the alleged minimal delay in scheduling an appointment does not constitute deliberate indifference. The Defendant notes that there are no allegations showing that the delay caused Plaintiff to suffer any harm. Gum adds that it is also not clear from the complaint whether Plaintiff was diagnosed and prescribed medication for PTSD, depression, anxiety, and bipolar disorder before or after his September 26, 2017 appointment. See id. at p. 11. Based upon those consideration, Gum concludes that a serious medical need has also not been properly alleged. As previously noted, Gum's arguments are unopposed.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the

4

defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). <u>Monmouth Cty. Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987); <u>West v. Keve</u>, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Mines v. Levi</u>, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting <u>Colburn</u>, 946 F.2d at 1023); <u>Monmouth Cty. Corr. Inst. Inmates</u>, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." <u>Young v. Kazmerski</u>, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting <u>Monmouth Cty. Corr. Inst. Inmates</u>, 834 F.2d at 347).

With respect to the serious medical need requirement, it is undisputed that the Complaint, which is dated October 4, 2017, alleges that Longo was diagnosed as having multiple serious mental conditions. It is equally well settled that Plaintiff's <u>pro se</u> pleadings must be liberally construed. Although this Court agrees that the Complaint does not allege whether Longo was diagnosed with PTSD, anxiety, bipolar disorder and depression before or after the September 26, 2017 appointment. This Court is nonetheless satisfied at this juncture that the <u>pro se</u> Plaintiff's allegations of suffering from multiple mental health issues during September, 2017 satisfies the serious medical need requirement.

5

With respect to the subjective deliberate indifference component of Estelle, the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

As noted earlier, Longo does not state when he was prescribed medication. Clearly, if he was prescribed medication prior to entering the Snyder County Prison his allegation that the delivery of his medication was delayed by Counselor Gum for a non-medical reason would state a viable deliberate indifference claim. On the other hand, if Plaintiff was not prescribed medication

6

prior to his September 26, 2017 appointment the analysis as to whether a viable assertion of deliberate indifference was raised would result in a different conclusion.

Despite a liberal consideration of Plaintiff's vague allegations, there are no facts set forth in the Complaint which could show that the purported twenty-two (22) day delay in being seen by a mental health professional resulted in any harm to Longo.[3] It simply cannot be determined from the Complaint that the conduct attributed to Gum constituted deliberate indifference as a failure to provide immediate needed medical attention. Moreover, the facts alleged in the Complaint do no not support a claim that Gum denied Plaintiff previously prescribed medication. This failure is compounded by the Plaintiff's failure to oppose the pending motion to dismiss. Accordingly, this Court agrees that Remaining Defendant Gum is entitled to entry of dismissal with respect to any claim of deliberate indifference to medical needs.

In conclusion, the unopposed motion to dismiss will be granted. However, given the serious nature of Plaintiff's self-described mental health problems, the Court will allow Longo a limited opportunity to submit a curative amended complaint regarding his deliberate indifference claim against Counselor Gum.

Within fourteen (14) days of the date of this Order, Longo may file an amended complaint with respect to his claim that Gum acted with deliberate indifference to his medical needs. If Plaintiff timely files a proposed amended complaint which

---

3. It is noted that the delay described by Longo apparently presumes that the prisoner could have been seen by a mental health staff member on the very same day he submitted his request, September 4, 2017.

7

adequately alleges a deliberate indifference claim, this matter will be reopened. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 21st, 2018